UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED:  3/14/2023           │
└─────────────────────────────────┘
```

L.M., individually and on behalf of R.R., a child
with a disability,

                              Plaintiff,

              -against-                                   21 Civ. 11175 (AT) (BCM)

NEW YORK CITY DEPARTMENT OF                               **ORDER ADOPTING**
EDUCATION,                                                **REPORT AND**
                                                         <u>**RECOMMENDATION**</u>
                              Defendant.

ANALISA TORRES, District Judge:

On December 30, 2021, Plaintiff, L.M., individually and on behalf of R.R., a child with a

disability, filed a complaint against Defendant, the New York City Department of Education, seeking

an award of attorney's fees and related costs under the Individuals with Disabilities Education Act

(the "IDEA"), 20 U.S.C. §1400 *et seq.*  ECF No. 1.  On July 5, 2022, Plaintiff notified the Court of

her intent to move for summary judgment.  ECF No. 20; *see also* ECF No. 24.  On July 25, 2022, the

Court referred the motion to the Honorable Barbara C. Moses for a report and recommendation.  ECF

No. 25.  On August 5, 2022, Plaintiff filed her motion for summary judgment.  ECF No. 29.

Before the Court is Judge Moses's Report and Recommendation (the "R&R"), dated February

14, 2023, which recommends that Plaintiff's motion be granted in part and denied in part, and that

Plaintiff "should be awarded the sum of $52,933.34, consisting of $44,891.50 for [attorney's] fees

incurred in the underlying administrative proceeding, $7,388.01 for [attorney's] fees incurred in this

action, and $653.83 in costs."  R&R at 1–2, ECF No. 39.  On February 28, 2023, Defendant filed

objections to the R&R.  Def. Obj., ECF No. 40.[1]

---

[1] By letter dated March 2, 2023, Plaintiff "request[ed] a *nunc pro tunc* extension of her time to object to the [R&R]."
ECF No. 43.  The deadline to file objections to the R&R was February 28, 2023.  R&R at 25.  Plaintiff did not seek an
extension of time to file objections until after the applicable deadline.  Plaintiff waived her opportunity to object to the
R&R.  *Frydman v. Experian Info. Sols. Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018).  Accordingly, Plaintiff's request is

For the reasons stated below, the Court OVERRULES Defendant's objections, ADOPTS the R&R's conclusions, and GRANTS in part and DENIES in part Plaintiff's motion for summary judgment.

## DISCUSSION[2]

I.  <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review.").  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record."  *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the

---

DENIED.  On March 13, 2023, Plaintiff filed a response to Defendant's objections to the R&R.  ECF No. 44.  To the extent Plaintiff's response contains objections to the R&R, the Court shall not consider them.

[2] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–3, and, therefore, does not summarize them here.

reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

II.    Defendant's Objections

Defendant argues that Judge Moses erred in "assign[ing] hourly rates that exceed the rates assigned to [Plaintiff's counsel, the Cuddy Law Firm ("CLF"),] staff by judges in this [d]istrict for the same years at issue," "fail[ing] to deduct significant amounts of unreasonable billed time, costs and expenses," including travel time, and "apply[ing] any percentage reduction to the total fee award." Def. Obj. at 2, 6.  Defendant contends that, "had the [R&R] recommended reasonable hourly rates for CLF staff and applied reasonable reductions to their time, the IDEA's 'fee cap' would have applied and cut off recovery recovery for any work performed after June 3, 2022," when Defendant "served its written offer pursuant to 20 U.S.C. 1415(i)(3)(D)."  *Id.*

Defendant's objections restate its original arguments.  *Compare* Def. Obj. at 4–5 ("These hourly rates are unreasonable in light of the lack of time and labor required, the lack of novelty and complexity, and the lack of skill required for the proceedings giving rise to this fees application."), *with* Def. Opp. at 6–7, ECF No. 37 ("[CLF billed attorney rates should be reduced due to lack of complexity] . . . . [T]here is nothing unique about this administrative proceeding that would warrant rates higher than those assigned in recent CLF fees decisions."); *compare* Def. Obj. at 6 (requesting that "the billed travel hours be entirely denied"), *with* Def. Opp. at 15 ("Here, the Court should . . . award no travel time at all."); *compare* Def. Obj. at 6–7 (objecting to "unreasonable time billed" for submissions drafted for the administrative proceedings, closing briefs, and hearing preparations), *with* Def. Opp. at 14–16 (same); *compare* Def. Obj. at 2 (objecting to the R&R not "apply[ing] any percentage reduction to the total fee award"), *with* Def. Opp. at 11 ("A court *may* use a percentage reduction as a practical means of trimming fat from a fee application." (cleaned up and emphasis added)); *compare* Def. Obj. 10–12 (requesting that the IDEA's "fee cap" be applied in this matter),

3

*with* Def. Opp. at 17–19 (same).  Therefore, the Court shall review the R&R for clear error.  The Court finds no clear error in Judge Moses's findings and conclusions.

Defendant's objections are otherwise conclusory and general.  *Wallace*, 2014 WL 2854631, at *1; *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.  Accordingly, the Court OVERRULES Defendant's objections to the R&R and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant's objections to the R&R, ADOPTS the R&R's conclusions, and GRANTS in part and DENIES in part Plaintiff's motion for summary judgment.

The Clerk of Court is directed to: (1) terminate the motions at ECF Nos. 29 and 43; (2) enter judgment in favor of Plaintiff in the amount of $52,933.34, consisting of $44,891.50 for attorney's fees incurred in the underlying administrative proceeding, $7,388.01 for attorney's fees incurred in this action, and $653.83 in costs; and (3) close the case.

SO ORDERED.

Dated: March 14, 2023
       New York, New York

_____
         ANALISA TORRES
     United States District Judge

4